The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. Defendants argue that the fact that plaintiff returned to a lighter duty at less pay than he made before his injury does not necessarily mean that his capacity for earning his pre-injury wages was reduced. Instead, defendants contend that plaintiff earned less in wages due to reasons unrelated to his injury. However, after careful consideration, the Full Commission has determined that the defendants have not shown good grounds to amend the award. Therefore, the July 25, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. On July 27, 1990 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
2. At such time, CIGNA was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $531.25.
4. Plaintiff received temporary total disability compensation from August 6, 1990 to September 17, 1990 and from October 19, 1990 to September 16, 1991. Plaintiff received temporary partial disability compensation from September 16, 1991 to December 1991.
5. Medical records concerning the plaintiff collectively marked as Stipulated Exhibit No. 1 are received into evidence.
6. Plaintiff's payroll records from 1990 through March 13, 1993 collectively marked as Stipulated Exhibit No. 2 are received into evidence.
7. The issue for determination is whether plaintiff is entitled to temporary partial disability compensation pursuant to N.C.G.S. § 97-30.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff is a fifty-three-year-old high school graduate with a work history in mills and warehouses until 1987, at which time he began working as a truck driver with defendant-employer, a distributor of petroleum products. The duties of that job consisted of transporting product loads by truck from Charlotte to various delivery locations in North Carolina and surrounding states. Many times plaintiff would be required to assist in unloading the transported product at delivery locations. Most products generally weighed between 45 and 50 pounds and some products weighed 120 pounds and 400 pounds. Plaintiff would unload the 120 and 400-pound products, which were in drums, by tilting and rolling the products off the back of the truck. The furthest distance that plaintiff would be required to drive was approximately 200 miles in any one direction.
2. On July 27, 1990 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he lifted a five-gallon bucket of oil resulting in a herniated disc at L4-5, for which Drs. Brigham and Powell performed a decompressive laminectomy and left side diskectomy on July 8, 1991.
3. On September 16, 1991 plaintiff returned to work on light duty for defendant-employer working for approximately four hours per day in the defendant-employer's warehouse. On December 9, 1991 plaintiff returned to full time work for defendant-employer in the warehouse where he could work within his resulting physical restrictions which, as of January 30, 1992, consisted of maximum lifting of 40 pounds with a 20-pound maximum for frequent lifting and carrying, no prolonged or highly repetitive forward bending, no crouching or squatting to the floor and no sitting in any one position for longer than 60 minutes at a time without the ability to change positions.
4. In an effort to return plaintiff to work as a truck driver, Paul Slifko, defendant-employer's operations supervisor, offered to establish a driving schedule which would consist of transporting products to delivery sites which were within one hour travel time from defendant-employer's terminal. However, plaintiff failed to obtain his CDL license within the time frame established by defendant-employer and, consequently, was assigned to work permanently in the warehouse at an hourly wage of $6.50 per hour beginning June 22, 1992. Plaintiff has continued to work in defendant-employer's warehouse since June 22, 1992.
5. On September 2, 1993 plaintiff reached maximum medical improvement from his compensable injury of July 27, 1990, and as a result thereof has a 10 percent permanent partial disability to his back.
6. As a result of his compensable injury of July 27, 1990, the resulting surgery and the residuals thereof, plaintiff has been unable to return to work in his former position as a truck driver.
7. As a result of his compensable injury of July 27, 1990, the resulting surgery and the residuals thereof, plaintiff has been unable to earn the same wages he was earning at the time of his compensable injury since June 22, 1992.
8. Plaintiff continues to have persistent back pain and discomfort in his left leg for which he continues to receive medication for relief of his pain symptoms. Additionally, plaintiff is currently under a recommendation from Dr. Brigham to undergo vocational rehabilitation.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. As a further result of his compensable injury of July 27, 1990 plaintiff has been temporarily partially disabled since June 22, 1992, entitling him to compensation at the weekly rate of two-thirds of the difference between his average weekly wage on the date of his compensable injury and his compensable injury and his capacity to earn an average weekly wage from June 22, 1992, and continuing for a total of 300 weeks, subject to a credit for temporary total disability and temporary partial disability paid heretofore, or until he returns to work at the same or greater wages than he was earning at the time of the compensable injury giving rise hereto, undergoes a change of condition or as otherwise ordered by the Industrial Commission. N.C.G.S. § 97-30.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury giving rise hereto when bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Industrial Commission. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendants shall pay temporary partial disability compensation to plaintiff at the weekly rate of two-thirds of the difference between his average weekly wage on the date of his compensable injury, from June 22, 1992, and continuing, at a rate to be calculated on a weekly basis for 300 weeks subject to a credit for the weeks of temporary total disability and temporary partial disability compensation paid heretofore, or until plaintiff returns to work at the same or greater wage than he was earning at the time of his compensable injury giving rise hereto, undergoes a change of condition, or as otherwise ordered by the Industrial Commission. As much of said compensation as has accrued shall be paid in a lump sum without commutation, subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay all medical expenses resulting from the compensable injury giving rise hereto, when bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Industrial Commission.
3. A reasonable attorney fee in the amount of 25 percent of the compensation due plaintiff under paragraph 1 of this award is approved for plaintiff's counsel and shall be paid as follows: 25 percent of the lump sum which has accrued and due the plaintiff shall be deducted from those sums and paid directly to plaintiff's counsel and thereafter every fourth check shall be issued to plaintiff's counsel.
4. Defendants shall pay all costs.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ __________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER
JJB:mj 1/3/95